UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. DORSEY, | : | Case No. 1:08-cv-93 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| TIM BRADSHAW, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**[1] **THAT DEFENDANTS'
MOTION TO DISMISS (Doc. 5) BE GRANTED
AND THIS CASE BE CLOSED**

Plaintiff initiated this action on February 13, 2008 by filing a *pro se* complaint

(Doc. 3) against Defendants Timothy Bradshaw and BAE Systems AH, Inc. ("Defendants").

Now before the Court is Defendants' motion to dismiss the complaint pursuant

to Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definitive statement (Doc. 5)

and Plaintiff's responsive memorandum (Doc. 6).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I**.

It appears on the surface that Plaintiff is asserting a claim for race discrimination against his former place of employment, but, as the excerpt below illustrates, Plaintiff's complaint is incomprehensible:

> "Moved from Building One to Silgan without reason after Bible gave away Black Bruce and White person not moved after gave anything away food, tools, flyers like Tom Bradshaw passed out for 'Peace Keeper Event'. He tried to get all the Black people he could to come (he passed out 75 sheets or 100 on company time). Even was at Bank Arena $75,00 per and more for about two weeks before the event. And some of my co-worker was upset about payment so high."

(Doc. 3, ¶¶ 4, 5). Accordingly, it is impossible for the Court to interpret the factual background or claims alleged in the complaint.

**II.**

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff brings this case *pro se*, the Court construes the allegations very liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).

However, "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). Thus, as here, a *pro se* complaint which is so vague and confusing that no party could possibly understand and reply to it is deficient and must be dismissed. *Aaron v. Bob Evans Rest.*, 477 F. Supp.2d 853, 856-57 (N.D. Ohio 2007); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("While complaints of pro se litigants are held to a less stringent standard than licensed attorneys, this leniency does not abrogate those basic pleading requirements that ensure that the court does not have to guess at the nature of the claim.").

### III.

Plaintiff fails to provide any facts indicating how, why or for what actions Defendants are being sued and how such actions could give rise to liability. Even if this Court were able to determine that Plaintiff is asserting a claim for race discrimination, which it is not, the complaint fails to allege any disparate treatment. Therefore, even under the liberal and minimum pleading requirements of Fed. R. Civ. P. 8(a)(2), and the liberal perspective in which *pro se* complaints are viewed, Plaintiff's complaint does not contain the minimum requirements of a short and plain statement of a claim showing entitlement to relief. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's factual allegations, taken as true, are insufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiff's complaint fails to allege or supply facts that support even the possibility of a claim.

**IV.**

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (Doc. 5) be **GRANTED**, and this case be **CLOSED.**

Date: <u>July 23, 2008</u>             <u>s/ Timothy S. Black</u>
                                        Timothy S. Black
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE L. DORSEY, | : | Case No. 1:08-cv-93 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| TIM BRADSHAW, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).